<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KENNETH CASTANO,**<br><br>   Plaintiff,<br><br>v.<br><br>**SIGNATURE FLIGHT SUPPORT LLC, JOHN DOES 1-99,**<br><br>   Defendants. | Civil Action No. 22-2277 (MCA) (JSA)<br><br>**REPORT AND RECOMMENDATION** |

<u>**ALLEN, U.S.M.J.**</u>

**THIS MATTER** comes before the Court upon the motion of Plaintiff Kenneth Castano ("Plaintiff") to remand the above-captioned action to the Superior Court of New Jersey. (*See* ECF No. 8). Defendant Signature Flight Support LLC ("Defendant") opposes the motion. (*See* ECF No. 10). The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the Undersigned for a Report and Recommendation. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions, for the reasons set forth below, and for good cause shown, it is respectfully recommended that the motion be **GRANTED**.

**I.    RELEVANT BACKGROUND**

Plaintiff originally filed this employment discrimination action in state court on October 29, 2019, asserting that Defendant violated the New Jersey Law Against Discrimination (NJLAD). (Compl., ECF No. 1-1 at Exh. A). On August 14, 2020, the Superior Court issued an Order, dismissing the action without prejudice for lack of prosecution, closing the file, and stating that a formal notice of motion would be required "to restore the case to active trial status." (8/14/20

Order, ECF No. 1-1 at Exh. C). It appears that Plaintiff took no action on the case for more than one year until, on January 27, 2022, Plaintiff moved to reinstate the action in state court and requested that default be entered against Defendant. (Pl.'s Mot., ECF No. 1-1 at Exh. D). On February 18, 2022, the Superior Court issued an Order, granting Plaintiff's motion by reinstating the complaint and directing that any "request for default will require new service on defendant." (2/18/22 Order, ECF No. 1-1 at Exh. E). Six days later, the Superior Court entered default, (N/R, ECF No. 1, ¶ 6), upon Plaintiff's February 23, 2022 application and purported proof of service on Defendant effective November 1, 2019. (2/23/22 Def. Entry, ECF No. 1-1 at Exh. F).

On March 15, 2022, Defendant appeared for the first time in state court and moved to vacate the February 18, 2022 and February 24, 2022 Orders, arguing improper service. (Def.'s Mot., ECF No. 1-1 at Exh. G). In opposition, Plaintiff submitted a certification from his counsel, Mario M. Blanch, who certified that Defendant's registered agent also was served on March 23, 2022. (3/23/22 Cert., ECF No. 1-1 at Exh. G). In reply, Defendant contended that service on March 23, 2022 also was improper. (Def.'s Reply, ECF No. 1-1 at Exh. G).

On April 7, 2022, the Superior Court issued an Order, granting Defendant's motion to vacate: (1) the February 18, 2022 Order, which had reinstated the complaint; and (2) the February 24, 2022 Order, which had entered default against Defendant. (4/7/22 Order, ECF No. 1-1 at Exh. G). On the same date, Plaintiff served the summons and complaint on Defendant. (ECF No. 1-1 at Exh. I).

On April 19, 2022, Defendant removed the case based on diversity of jurisdiction. (N/R, ECF No. 1). Defendant asserts that removal was timely filed under 28 U.S.C. § 1446, (*id.* ¶¶ 9, 11 & 12), but does not address the fact that, at the time of removal, the case was closed by virtue of the Superior Court's April 7, 2022 Order, which vacated its prior Order reinstating the complaint.

Thereafter, on May 12, 2022, Defendant moved to dismiss the complaint, arguing that Plaintiff's claim is barred by the applicable statute of limitations, and that the Court lacks personal jurisdiction over Defendant based on Plaintiff's failure to timely serve process. (*See* ECF No. 5). In response, on June 7, 2022, Plaintiff cross-moved to reinstate the complaint, or alternatively, remand the action. (*See* ECF No. 8).

In support of remand, Plaintiff raises two arguments. First, removal is premature because the action was dismissed at the time of removal. (ECF No. 9 at 11-12). Second, Defendant untimely removed the case because Defendant has been "aware of the existence of the Complaint and 'court related documents' since March 15, 2022." (*Id.* at 12-13). In reply, Defendant submits that the cross-motion to remand, which only raises alleged procedural defects, should be denied as untimely. (ECF No. 10 at 2-3). In the alternative, Defendant argues that removal was timely and that, if it had otherwise waited for Plaintiff to move for reinstatement of the action, Defendant would have been unable to timely remove the action. (*Id.* at 3-4).

## II.  DISCUSSION

Although Plaintiff challenges removal on timeliness, and thus procedural grounds, federal courts have an independent obligation to raise issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood.*, 592 F.3d 412, 418 (3d Cir. 2010); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."). It is also well-settled that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006,

1010 (3d Cir. 1987)). "Courts are required to strictly construe 28 U.S.C. § 1441 against removal and rigorously enforce this policy 'so that the Congressional intent to restrict federal diversity jurisdiction is honored.'" *Giovanni v. Mentor Worldwide, LLC*, Civ. No. 12-4435, 2012 U.S. Dist. LEXIS 166912, at *3 (D.N.J. Nov. 21, 2012) (quoting *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). Here, as the removing party, Defendant "bears the burden of showing that at all stages of the litigation the case is properly before the federal court," *Samuel-Bassett*, 357 F.3d at 396 (citation omitted), and that "removal[] w[as] proper." *Sandoval v. LifeCell Corp.*, Civ. No. 21-17705, 2021 U.S. Dist. LEXIS 250607, *4 (D.N.J. Dec. 3, 2021), *Report and Recommendation adopted by* 2022 U.S. Dist. LEXIS 7519 (D.N.J. Jan. 14, 2022).

With these principles in mind, the Court turns to the remand motion. The federal removal statute states that, except as otherwise provided by federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place *where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). "The plain language of 28 U.S.C. § 1441 only authorizes removal of cases 'pending' in State court at the time the notice of removal is filed." *Smith v. Toyota Motor Sales, U.S.A. Corp.*, Civ. No. 06-2788, 2007 U.S. Dist. LEXIS 39397, at *7 (D.N.J. May 31, 2007) (Hayden, J.); *see also Winograd v. Mercedes-Benz USA, LLC*, Civ. No. 16-4914, 2017 U.S. Dist. LEXIS 105195, at *6 (D.N.J. June 14, 2017) (Falk, J.) (citing 28 U.S.C. § 1441(a)), *Report and Recommendation adopted by* 2017 U.S. Dist. LEXIS 105864 (D.N.J. July 10, 2017) (Martini, J.).

In determining whether remand is warranted, the threshold issue is whether the Superior Court's April 7, 2022 Order, which vacated its prior Order reinstating the complaint, rendered the case closed at the time of removal, and if so, whether this result affects the District Court's subject

4

matter jurisdiction over the case. In this District, the Honorable Katharine S. Hayden, U.S.D.J., in *Smith v. Toyota Motor Sales, U.S.A. Corp.*, squarely addressed this issue, finding there is no jurisdiction over a removed case that had been closed by the state court prior to removal. 2007 U.S. Dist. LEXIS 39397, at *8-10. The Court's analysis in *Smith* is instructive.

In *Smith*, the state court had dismissed the action due to the plaintiff's failure to serve any of the defendants. *Id.* at *2. Although the state court had subsequently "issued an order conditionally restoring the complaint provided that [the plaintiff] 'serve[d] the defendants and file proof of service with the Court on or before April 1, 2006,'" Judge Hayden noted that the plaintiff had failed to comply with the state court's order. *Id.* at *2-3. In concluding that the Court lacked subject matter jurisdiction, Judge Hayden emphasized that "other courts have recognized that Article III prevents federal courts from exercising jurisdiction over a case previously dismissed by a State court because if a case has already been closed, 'no case or controversy exists.'" *Id.* at *7-8 (citations omitted). Following these other courts' reasoning, Judge Hayden determined that the plaintiff "failed to meet the terms of the conditional order restoring his case and that as a result, the case was never reopened. Therefore, [defendant] Toyota removed a closed case to this Court and this Court lacks subject matter jurisdiction." *Id.* at *9.

Here, it is undisputed that the case was never reopened in state court, let alone before removal. Plaintiff has all but conceded this point by filing a cross-motion to reinstate his complaint on June 7, 2022, (ECF No. 8)—nearly two (2) months after Defendant removed the case. As the case remained closed before removal, this Court finds that "no case or controversy exists." *Smith*, 2007 U.S. Dist. LEXIS 39397, at *8 (citations omitted). Therefore, this District Court lacks subject matter jurisdiction, and thus removal was improper.

5

Other courts in this District have reached similar conclusions. *See, e.g.*, *Winograd*, 2017 U.S. Dist. LEXIS 105195, at *6-7 (Falk, J.) (stating that "[i]t is likely that removal was improper because there was no case or controversy pending at the time [defendant] removed the case," when the case remained administratively dismissed without prejudice for lack of prosecution); *JPMorgan Chase Bank, N.A. v. Farah*, Civ. No. 16-3056, 2016 U.S. Dist. LEXIS 175199, at *4 (D.N.J. Dec. 16, 2016) (McNulty, J.) (concluding that removal of a dismissed action "was improper because there was no case to remove"); *Sidoti v. Housewares Am., Inc.*, Civ. No. 10-809, 2010 U.S. Dist. LEXIS 66119, at *11, n.2 (D.N.J. July 2, 2010) (Arleo, J.) (noting "that if the entire action had been dismissed by the state court, there would have been no action to remove and no notice to file with the state court" (citation omitted)), *Report and Recommendation adopted by* 2010 U.S. Dist. LEXIS 94332 (D.N.J. Sep. 10, 2010) (Wigenton, J.); *Robert Plan Corp. v. Am. Int'l Grp. Inc.*, Civ. No. 09-200, 2009 U.S. Dist. LEXIS 69540, at *12 (D.N.J. Aug. 10, 2009) (Brown, Jr., C.J.) (concluding that the Court lacked subject matter jurisdiction over an action that "was dismissed as direct result of Plaintiffs' failure to prosecute the case after Plaintiffs were given appropriate notice of the pending dismissal," and thus, that the action was not properly removed because "there was no case or controversy at the time Plaintiffs filed their Notice of Removal"); *Weiderspahn v. Wing Enters.*, Civ. No. 09-2441, 2009 U.S. Dist. LEXIS 58869, at *8 (D.N.J. July 10, 2009) (Irenas, J.) (stating that the case could have been remanded "on the general policy that the removal statute should be strictly construed against removal" because, at the time of removal, the action was dismissed without prejudice).

Keeping in mind that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" *Boyer*, 913 F.2d at 111, Defendant has not met its "burden of establishing that federal subject matter jurisdiction exists . . . and removal otherwise

was proper." *Burga v. Unifirst Corp.*, Civ. No. 20-10849, 2020 U.S. Dist. LEXIS 249473, at *4 (D.N.J. Dec. 3, 2020), *Report and Recommendation adopted by* 2021 U.S. Dist. LEXIS 21265 (D.N.J. Feb. 4, 2021).  Based on these precepts and the fact that the action was dismissed at the time of removal, the Undersigned finds that the Court lacks subject matter jurisdiction.

In light of this Court's finding that there is no subject matter jurisdiction over the case, the Court declines to reach the merits of the parties' respective arguments on the timeliness of removal.

### III.   CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that Plaintiff's motion to remand, (ECF No. 8), be **GRANTED**.  Further, as this Court finds subject matter jurisdiction is lacking, the Undersigned respectfully recommends that Defendant's motion to dismiss the complaint, (ECF No. 5), be **DENIED AS MOOT**; and that Plaintiff's portion of the cross-motion seeking to reinstate the complaint, (ECF No. 8), be **DENIED AS MOOT**.  The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file and serve objections to the Honorable Madeline Cox Arleo, U.S.D.J., within fourteen (14) days after receiving a copy of this Report and Recommendation.

*s/ Jessica S. Allen*
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated: October 27, 2022

cc:   Hon. Madeline Cox Arleo, U.S.D.J.